UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RONALD WHITMIRE, | ) | |
| | ) | |
| Plaintiff, | ) | 3:11-cv-00502-ECR-VPC |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| GARY GRAHAM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983.

**I. Procedural Background**

Plaintiff submitted his civil rights complaint on July 14, 2011. (ECF No. 1-1). By order filed August 30, 2011, this Court granted plaintiff's application to proceed *in forma pauperis*. In that order, this Court also screened the complaint pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915A(b)(1),(2). In the screening order, this Court dismissed with prejudice all claims and defendants for failure to state a claim. (ECF No. 3). Judgment was entered on August 31, 2011. (ECF No. 4). Plaintiff filed a notice of appeal on September 13, 2011. (ECF No. 5).

On July 20, 2012, the United States Court of Appeals for the Ninth Circuit filed an unpublished memorandum opinion. (ECF No. 12). The Court of Appeals' order affirmed in part, and vacated and remanded in part, this Court's screening order. (*Id.*). Specifically, the Court of

Appeals ruled that: "The district court properly dismissed without leave to amend Whitmire's complaint against the medical staff who treated him because his allegations fail to state a claim for deliberate indifference and amendment appears futile." (*Id.*, at p. 2). The Court of Appeals further ruled that: "The district court, however, prematurely dismissed Whitmire's claims against the remaining defendants without first providing him with notice of the deficiencies and an opportunity to amend." (*Id.*). As such, the Court now screens the complaint, in accordance with the Court of Appeals' order.

**II.  Screening Standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend

the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.; see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

**III. Screening of the Complaint**

In the complaint, plaintiff alleges deliberate indifference to his medical needs when he

1  exhibited symptoms of a stroke on February 9, 2010, during his incarceration at High Desert State
2  Prison.  Plaintiff brings actions against Physician's Assistant Gary Graham, NDOC Medical Director
3  Bannister, and several unnamed Doe defendants.  Plaintiff seeks injunctive relief.

### Count One

Plaintiff alleges that on February 9, 2010, at approximately 6:10 p.m., he had extreme pain on the right side of his head and paralysis on the left side of his body, as well as blurred vision in his left eye, slurred speech, and loss of the ability to swallow.  Plaintiff alleges that unnamed correctional officers ignored him.  Medical personnel arrived at plaintiff's cell at 6:40 p.m.  Plaintiff was then transported to the prison infirmary.  Plaintiff alleges that the unnamed correctional officers were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer v. Brennan*, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at 105-06.

In Count One, plaintiff claims that he exhibited symptoms of a stroke at 6:10 p.m., at which time his cell mate attempted to notify correctional officers by pressing the "man-down" button in the

cell. Plaintiff alleges that unnamed correctional officers ignored him for twenty minutes. Medical personnel arrived at plaintiff's cell at 6:40 p.m. There is no allegation that any particular correctional officer knew of and disregarded plaintiff's serious medical needs. To the extent that it took twenty minutes for medical personnel to arrive at plaintiff's cell, while this may constitute negligence, it is not deliberate indifference to medical needs. Plaintiff's allegations against the unnamed correctional officers do not state a cognizable claim. Count One is dismissed with leave to file an amended complaint, curing the deficiencies discussed in this order.

**Count Two**

Plaintiff alleges that when two unnamed nurses responded to his cell, he was exhibiting symptoms of a stroke, yet the nurses were deliberately indifferent to his symptoms. Specifically, plaintiff alleges that the two nurses asked him questions about chest pain and cardiac problems. Plaintiff was transported to the prison infirmary and the two nurses performed an E.K.G. Plaintiff complains that the nurses disregarded his symptoms of a stroke.

As state above, mere "indifference," "negligence," or "medical malpractice" will not support a cause of action for deliberate indifference to medical needs. *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at 105-06. Plaintiff fails to state a claim because, at most, the allegations against the unnamed nurses amount to a claim of medical negligence, which does not rise to the level of a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Count Two is dismissed with leave to file an amended complaint.

**Count Three**

Plaintiff alleges that Gary Graham, Physician's Assistant, failed to provide him with adequate medical care. Plaintiff alleges that defendant Graham disregarded his symptoms of a stroke. Plaintiff alleges that defendant Graham gave him Nitroquik, which is used in the emergency treatment of cardiac events such as a heart attack. Plaintiff was later transported to Valley Hospital Medical Center in Las Vegas. At the hospital, a CT scan was performed, and it was determined that he had a blood clot in either the cranial cavity or in the carotid arteries. Plaintiff claims that the

5

standard treatment for a blood clot is a thrombolytic drug, also known as a "clot buster" drug, and the accepted window of time for use of such drugs for optimal effect is under three hours from the onset of symptoms.  Because plaintiff was outside of the three-hour window, he could not obtain full recovery.  Plaintiff apparently blames prison physician's assistant Graham for not administering a thrombolytic drug.  As state above, mere "indifference," "negligence," or "medical malpractice" will not support a cause of action for deliberate indifference to medical needs.  *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at 105-06.  The allegations against Graham, at most, amount to a claim of medical negligence, which does not rise to the level of a constitutional violation.  That Graham administered Nitroquik instead of a thrombolytic drug was not deliberate indifference, especially since plaintiff's diagnosis of having had a stroke was only confirmed later at the hospital, after a CT scan was performed.  Count Three is dismissed with leave to file an amended complaint.

**Count Four**

Plaintiff stayed in the hospital for several days.  Plaintiff was returned to High Desert State Prison on February 19, 2010.  Despite recommendations from hospital doctors that he begin physical therapy to correct his left side paralysis, no physical therapy was provided at the prison.  Plaintiff alleges that he was transferred to Northern Nevada Correctional Center on March 27, 2010, and he still was given no physical therapy.  Plaintiff alleges that he remains unable to walk more than a short distance without the aid of a cane, walker, or wheelchair.  Plaintiff claims that he will never regain full use of his left side and of his cognitive abilities.  Plaintiff does not indicate who was responsible for his failure to receive physical therapy upon his return to High Desert State Prison.  Plaintiff brings action against Department of Corrections' Medical Director Bannister.  Plaintiff alleges that Bannister is responsible for setting policies and enforcing compliance with policies by his subordinates.

A defendant may be held liable as a supervisor under 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) sufficient causal connection between

the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). The Ninth Circuit has held that the United States Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "did not alter the substantive requirements for supervisory liability claims under an unconstitutional conditions of confinement case under the Eighth and Fourteenth Amendments where deliberate indifference is alleged." *Starr v. Baca*, 652 F.3d 1202, 1217 (9th Cir. 2011). An inmate sufficiently alleges a supervisory liability claim of deliberate indifference by alleging that a correctional official failed to act to protect inmates under his care, despite his knowledge that they were in danger because of culpable acts of his subordinates and despite his ability to take actions that would have protected the inmates. *Starr v. Baca*, 652 F.3d at 1216. However, there must be specific allegations of wrongdoing by each defendant, such as a specific policy implemented or a specific event instigated by each defendant. *Hydrick v. Hunter*, 2012 WL 89157, at *4 (9th Cir. January 12, 2012). "Even under a deliberate indifference theory of individual liability, the [p]laintiffs must still allege sufficient facts to plausibly establish the defendant's 'knowledge of' and 'acquiescence in' the unconstitutional conduct of his subordinates. *Id.* (citing *Star v. Baca*, 652 F.3d at 1206-07). There is no indication from plaintiff's allegations that defendant Bannister had the requisite level of knowledge or participation in the alleged denial of physical therapy or any violation of plaintiff's rights to state a claim against him for supervisory liability. Count Four is dismissed with leave to file an amended complaint.

**VI.  Filing an Amended Complaint**

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of his complaint, if he can allege additional facts in good faith to state a viable claim. If plaintiff chooses to file an amended complaint, he is advised that an amended complaint supercedes the original complaint and therefore must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted). Therefore, any amended complaint must contain all claims,

7

defendants, and factual allegations that plaintiff wishes to pursue in this lawsuit.  Moreover, the amended complaint must be filed on the Court's approved prisoner civil rights form and must be entitled "First Amended Complaint."

**V.  Conclusion**

**IT IS THEREFORE ORDERED** that the Clerk of Court **SHALL REOPEN** this action.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **DISMISSED WITH LEAVE TO FILE AN AMENDED COMPLAINT.**

**IT IS FURTHER ORDERED** that if plaintiff chooses to file an amended complaint curing the deficiencies outlined in this order, the amended complaint shall be filed within **thirty (30) days** from the date of entry of this order.

**IT IS FURTHER ORDERED** that the Clerk **SHALL SEND** to plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1).  If plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint in accordance with this order, this action will be dismissed with prejudice.

Dated this 21st  day of September, 2012.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE