**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RONALD WHITMIRE, ) | |
| ) | 3:11-cv-00502-LRH-VPC |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| GARY GRAHAM, *et al.,* ) | |
| ) | |
| Defendants. ) | November 21, 2013 |
| ) | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendant's motion to dismiss (#28).[1] Plaintiff opposed (#33), and defendant replied (#34). Also before the court is plaintiff's motion for default judgment (#32). Defendant opposed (#35). The court has thoroughly reviewed the record and recommends that defendant's motion to dismiss (#28) be granted and that plaintiff's motion for default judgment (#32) be denied.

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff Ronald Whitmire ("plaintiff"), who is proceeding *pro se*, brought this action when he was incarcerated at Northern Nevada Correctional Center in the custody of the Nevada Department of Corrections (#1-1).[2] On December 13, 2012, plaintiff filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that several defendants at High Desert State Prison ("HDSP") violated his Eighth Amendment rights. *Id*. The court screened the complaint pursuant to

---

[1] Refers to the court's docket numbers.
[2] It appears that plaintiff was released from NDOC custody on or about April 15, 2013 (*see* #24).

-1-

28 U.S.C. § 1915A, and permitted plaintiff's claims of deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights to proceed (#25, pp. 5).

In his complaint, plaintiff alleges the following: on February 9, 2010, at 6:00 p.m., while housed in unit 4-B-30 at HDSP, he fell to the floor, experienced extreme pain on the right side of his head, paralysis and loss of feeling on the left side of his body, loss of vision in his left eye, slurred speech, the inability to swallow, and confusion (#21, p. 3). These symptoms frequently signal a stroke, and plaintiff's cellmate attempted to notify Doe defendants #1 and #2, who were in the unit 4-B control "bubble." *Id*. at pp. 3-4. Plaintiff's cellmate pressed the "man down" button, an emergency response button with a speaker in the cell and in the control bubble. Although plaintiff's cellmate pressed the "man down" button almost continuously for 25-30 minutes, Doe defendants #1 and #2 repeatedly turned off the alarm without responding. *Id*. Eventually a porter and a correctional officer responded, and plaintiff received medical treatment. *Id*. Plaintiff claims that these defendants violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs. *Id*. at pp. 6, 8.

In addition to the two Doe defendants, plaintiff named the State of Nevada Department of Corrections ("NDOC") as a defendant. *Id*. at 1. Defendant NDOC now moves the court to dismiss it from this action because it is not amenable to suit under 42 U.S.C. § 1983 (#28, p. 4). Plaintiff opposed, arguing that he alleges sufficient facts to state a claim against the NDOC (#33, p. 1).

## II. DISCUSSION & ANALYSIS

As a preliminary matter, the court notes that plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert,* 526 U.S. 286, 290 (1999). Section 1983 does not offer any substantive rights, but provides procedural protections for federal rights granted elsewhere. *Albright v. Oliver,* 510 U.S. 266, 271 (1994). To prove liability under § 1983, a plaintiff must: (1) show that a person acting under color of state law engaged in some type of conduct, which (2) deprived the plaintiff of some right, privilege or immunity secured by the Constitution or federal statutory law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overturned on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

Defendant NDOC has filed a motion to dismiss the claims against it on the basis that it is not amenable to suit under § 1983 (#28). States and any governmental agency that is an arm of the state are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Hale v. Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991); *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). Section 1983 claims against states or a governmental entity that is an arm of the state, therefore, are legally frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), superseded by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*). As NDOC is one of the arms of the State, it is not a person for the purposes of § 1983. *See Doe*, 131 F.3d 836; *Black v. Nevada Dept. Of Corrections*, 2010 WL 2545760 at *2 (Slip Copy, June 21, 2010, D.Nev.). Accordingly, defendant's motion to dismiss the NDOC from this action (#28) should be granted.

Also before the court is plaintiff's motion for default judgment, in which he argues that defendant's motion to dismiss is untimely (#32). Plaintiff points out that the court ordered defendant to respond to the amended complaint within sixty days of the Screening Order dated April 23, 2013. *Id*. at 3. Therefore, defendant's answer or other response was due on Monday, June 23, 2013. *See* Fed. R. Civ. P. 6(a)(1). However, defendant did not file its responsive pleading—the motion to dismiss—until July 9, 2013 (#28). Defendant argues in the opposition to the motion for default judgment that when it filed the notice of acceptance of service on May 10, 2013, the court's electronic filing system displayed a due date for the answer or other responsive pleading of July 9, 2013 (#35, p. 3).

The dates that the electronic filing system generates do not control the date a filing is due, his court's orders as well as the federal and local rules govern practice before this court. The Screening Order directed defendants to file their responsive pleading within sixty days of the date of that order. Plaintiff is therefore correct that defendant's motion to dismiss is untimely. However, as the NDOC is not a proper party in a § 1983 action, defendant's motion was not wildly untimely, and defendant has endeavored to explain the confusion with the due date that the electronic filing system generated, the court should grant defendant's motion to dismiss. Therefore, as the NDOC should be dismissed from this action, the court may not grant plaintiff default judgment against it. Accordingly, plaintiff's motion for default judgment (#32) should be denied.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that defendant NDOC is not a "person" for the purposes of a § 1983 suit, and therefore, the court recommends that defendant's motion to dismiss (#28) be **GRANTED**. As such, the court further concludes and

recommends that plaintiff's motion for default judgment against defendant NDOC (#32) should be **DENIED**. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendant NDOC's motion to dismiss (#28) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that defendant NDOC be **DISMISSED** from this action with prejudice.

**IT IS FURTHER RECOMMENDED** that plaintiff's motion for default judgment (#32) be **DENIED**.

**DATED:** November 21, 2013.

_____
**UNITED STATES MAGISTRATE JUDGE**